

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Claude Isbell
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-7229

Re: Whether the charter of Angelina
Beautification Foundation can
be filed under any section of
Article 1302, V. A. C. S.

We have received your letter of July 8, 1946, which is quoted as follows:

"There has been presented to this department for filing Articles of Incorporation of the Angelina Beautification Foundation, Inc.

"After reading the purpose clause set out in this charter, I am not thoroughly convinced that it comes under any of the sections set out in Article 1302. I do believe, however, after reading the Act passed in 1945 amending Chapter 81 of the Revised Statutes, that this corporation probably could be filed under Section 105 of Article 1302. If you will read Section 3 of Senate Bill 19 as passed at the last session of the Legislature, you will note the following language: 'The fact that Foundations and similar organizations are now prohibited from incorporating under the laws of the State of Texas for the combined purposes named in this Act, resulting in loss of much needed financial support for activities of importance to the citizenship and welfare of this State, creates an emergency, etc.' I feel like we should be justified in filing this charter under Section 105 of Article 1302 and would ask you, if in your own opinion, we should file same under said section.

"If you should advise us that we should not file this charter under said section, could same be filed under any other section of Article 1302?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

We note that the purpose of the corporation is to beautify the City of Lufkin as well as other communities in Angelina County by landscape improvements of homes, streets and parks. Further, by Article VI of the Charter, it is seen that the corporation has no capital stock and is not operated for profit.

A review of the various sections of Article 1302, V.A.C.S., discloses no language which literally authorizes the specific purpose of this organization. However, Section 2 thereof contains the following general and inclusive language, which, in our opinion, is sufficient to justify the filing of this charter thereunder:

"Sec. 2. The support of any benevolent, charitable, educational or missionary undertaking."

We have selected Section 2 instead of Section 105 because the former includes the term "benevolent". Although the word "benevolent" used in connection with gifts for general beneficial public purposes connotes "charity", it includes objects and purposes that are not charities and is wider than "charitable" in its legal signification. See Van Syckel v. Johnson, 70 A 657; Hegeman's Ex'rs v. Roome, 62A 392; Order of Sisters of St. Joseph v. Town of Plover, 1 N.W. 2nd 173.

Speaking etymologically, the term "benevolent" originally implied wishing well to others. But by degrees the term has been extended to include not only feelings but actions; thus, we may speak of benevolent actions as labors for the public good. The natural beautification of any community is certainly for the benefit and appreciation of the public. It is labor directed to the public good and welfare.

The Courts of other jurisdictions as well as Texas have been liberal in construing the purpose clauses of benevolent and charitable corporations. Hildebrand on Texas Corporations, Vol. 1, § 26, p. 105; In Re Rockefeller's Estate, 165 N.Y.S. 154; Corporation of Chamber of Commerce of New York v. Bennett, 257 N.Y.S. 2; In Re Graves' Estate, 89 N.E. 672.

As the corporation proposed here is a non-profit organization with no capital stock, it is evident that no pecuniary advantage to the members is sought. It is our opinion that its primary objective - the beautification of the City of Lufkin - is benevolent in character and that you may properly file the charter under Section 2 of Article 1302, V. A. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Jack K. Ayer_
Jack K. Ayer
Assistant

APPROVED AUG 9, 1946

ASSISTANT
ATTORNEY GENERAL

JKA:djm

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN